FILED
ASHEVILLE, N.C.
AUG -8 2007
U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| COMMSCOPE, INC. OF NORTH CAROLINA, | ) ) ) | Civil Action No.: 5:07CV26-H |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| HUBBELL INCORPORATED, | ) ) | |
| Defendant. | ) ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the stipulation of the parties, good cause having been shown, the Court hereby orders that the following procedures are to be employed in this action for the protection of the parties, and others from whom information may be obtained in connection with this action, against disclosure or any improper use of confidential information produced (whether voluntarily or pursuant to discovery demands) or filed with this Court:

1. **Definition of "Confidential Information"**. "Confidential Information," which may be designated as provided in Section 5 below, is any type of information which is protectable under Rule 26(c)(7).

2. **Use Limitations**. All Confidential Information produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business, patent prosecution (except for any reexamination of the patents-in-suit, provided, however, that in using Confidential Information for purposes of any such reexamination the Confidential Information is not disclosed in any way

2

which would violate the terms of this Stipulated Protective Order), competitive, governmental, research, development, or other purpose whatsoever. Nothing herein shall restrict attorneys retained by either party or qualified independent retained experts from making working copies, summaries, excerpts, or indices for use in their own offices or for use during the examination of witnesses. To the extent that such materials include Confidential Information, such materials must be treated pursuant to this Order.

2.1 **Limitations on Disclosure of Confidential Information**. Confidential Information shall not be given, shown, or made available or communicated in any way to anyone except persons specified in Section 6.1 below to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this Order.

2.2 **Advice to Client Based on Confidential Information**. Notwithstanding the foregoing, nothing in this Order shall bar or otherwise restrict any litigation attorney herein from rendering litigation advice to his/her client in this action, and in the course thereof, referring to or relying upon the attorney's examination of Confidential Information, provided there is no disclosure of Confidential Information.

3. **Scope of Protection of Confidential Information in Other Proceedings**. In the event any person or party having possession, custody or control, or knowledge of any materials designated under this Order (including Confidential Information produced, provided, or filed in this Action prior to entry of this Order) receives a subpoena or other process or order directed to such materials, such person or party shall promptly notify, by overnight mail and/or facsimile, counsel for the party who produced the Confidential Information sought by such subpoena or other process or order, shall furnish that counsel with a copy of said subpoena or other process or order, and shall reasonably cooperate with respect to any procedure sought to be pursued by the

producing party whose interests may be affected. The party asserting that the materials contain Confidential Information shall have the obligation of defending against such subpoena, process, or order. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the party asserting that the materials contain Confidential Information is successful in obtaining from a court of competent jurisdiction an order modifying or quashing it, provided, however, that in complying with the subpoena the person or party receiving the subpoena takes reasonable steps to maintain the confidentiality of the information by, for example, designating the Confidential Information pursuant to any Protective Order that is in place in the action in which the subpoena was issued.

4. **Confidential Information Produced by Third Parties**. This Order shall apply to the parties to this action, and also to any other person producing or disclosing Confidential Information in this action who agrees or is ordered to be bound by this Order. Accordingly, as used herein, the terms "person" and "party" may include both the named parties in this civil action, and third parties who have agreed or been ordered to be bound by this Order. If, in the course of this action, information is sought from a third party which would require such person to disclose and/or produce "Confidential" or "Confidential – Attorneys' Eyes Only" information, such third party may obtain the protections of this Order by agreeing in writing to produce information pursuant to this Order and to be bound by it. No further order of this Court shall be necessary to extend the protections of this Order to third parties.

5. **Designation of Confidential Information**. Any person who produces, gives, or files Confidential Information may designate information as Confidential Information if it meets the definition stated in Section 1.

5.1  **Designated "Confidential - Attorneys' Eyes Only"**. A party that in good faith believes any particular Confidential Information is sufficiently sensitive that it should not be disclosed to an individual plaintiff or defendant, or to a director, officer, or employee thereof, may designate that Confidential Information as "Confidential – Attorneys' Eyes Only." Information which is designated "Confidential – Attorneys' Eyes Only" shall be used by the parties to this action solely for the purposes set forth in Section 2 above, and disclosed only to persons specified in Sections 6.1.1, 6.1.2 and 6.1.4 through 6.1.7 below.

5.2  **Designation of Documents**. Documents may be designated as Confidential Information by stamping "Confidential" or "Confidential – Attorneys' Eyes Only" on each page. Such designation and marking shall be made at the time when a copy of the document is provided to another party. When an inspection of documents is made, the documents made available for inspection need not be marked pursuant to this Order at the time they are made available for inspection. Each such document made available for inspection shall be treated by the inspecting party as "Confidential – Attorneys' Eyes Only," as that designation is defined herein in Section 5.1, until a copy of such document is produced to the inspecting party for use in this Action at which time it shall be treated in accordance with its designation.

5.3  **Designation of Deposition Testimony**. In the case of deposition transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained pursuant to this Order and their designation (*i.e.*, "Confidential" or "Confidential – Attorneys' Eyes Only") within thirty (30) calendar days of the date of the mailing of the deposition transcript. Pending notification from opposing counsel during the thirty (30) calendar day period, all deposition transcript pages shall be treated as "Confidential – Attorneys' Eyes Only" as that designation is defined in this Order. Deposition testimony may also be designated, in

5

whole or in part, as "Confidential" or "Confidential – Attorneys' Eyes Only" information by oral designation on the record.

5.4     **Subsequent Designations**. If a party produces materials containing Confidential Information without designating them pursuant to this Order, but later determines that the materials should have been designated under this Order, the disclosure shall be treated as an inadvertent or unintentional disclosure. The same is true if a party unintentionally or inadvertently produces information subject to the attorney-client privilege and/or work product immunity. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim to protection under Rule 26(c)(7) or of any claim for attorney-client privilege or work product protection. Counsel for the parties shall in any event, to the extent possible, upon learning of an inadvertent error or unintended disclosure, cooperate to restore the confidentiality, privilege, or protection of the inadvertently or unintentionally disclosed information to the extent reasonably possible. Upon receipt of written notification and identification of such inadvertent or unintended disclosure the receiving party shall either mark the materials with the appropriate designation or promptly return them to the producing party for reinstatement of the privilege or protection. The party returning such material may then move the Court for an Order compelling the production of the material, but said motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. Any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information.

5.5     **Unauthorized Disclosures**. In addition to any other sanction imposed by this Order, should any information designated as "Confidential" or "Confidential – Attorneys' Eyes

Only" be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this Order, then the disclosing party shall use its best efforts to bind such unauthorized person to the terms of this Order. Specifically, the disclosing party shall (a) promptly inform such unauthorized person of all the provisions of this Order, (b) identify such unauthorized person immediately to the producing party and (c) request such unauthorized person to sign the *Agreement to be Bound by Protective Order* set forth at the end of the present Order. The executed agreement shall promptly be served by overnight mail upon the producing party.

6. **Persons to Whom Confidential Information May be Disclosed**.

6.1 **"Confidential Information"**. Except as otherwise provided by this Protective Order, information designated as "Confidential" shall be disclosed only to:

6.1.1 Outside litigation attorneys of record in this Action and staff and supporting personnel of such attorneys, and outside document handling providers such as copy centers, imaging or coding services, or interpreters or translators retained by counsel as reasonably necessary to assist such counsel in the conduct of this Action.

6.1.2 Outside experts and consultants retained by counsel in this Action or by a party, other than those that have a financial or ownership interest in the patents-in-suit or in a party; provided, however, that before such access is given, such expert or consultant has agreed in writing to be bound by the terms of this Order by executing the *Agreement to be Bound by Protective Order* set forth at the end of the present Order, and the party has complied with the following approval procedure:

(a) The party seeking approval shall provide the other party with a current resume or curriculum vitae of the proposed outside expert or consultant and a signed copy of the *Agreement to be Bound by Protective Order*;

(b) Within ten (10) business days after receipt of the materials described in subparagraph (a), any party may object in writing to the proposed outside expert or consultant having access to their Confidential Information. Failure to object during such period shall be deemed approval. If the parties are unable to reach agreement within fifteen (15) business days after receipt of the materials described in subparagraph (a), the party seeking to disclose Confidential Information to a proposed outside expert or consultant may file a motion for an Order that access to the Confidential Information be granted to the proposed outside expert or consultant.

6.1.3 Up to three employees of CommScope and up to three employees of Hubbell, whose advice and consultations are being or will be used by a party hereto in connection with preparation for trial or trial in this action; provided, however, that before such access is given, each of the above-named individuals has agreed in writing to be bound by the terms of this Order by executing the *Agreement to be Bound by Protective Order* set forth at the end of the present Order.

6.1.4 The Court and Court personnel;

6.1.5 Any other person as to whom the producing party agrees in writing;

6.1.6 Witnesses at deposition or trial qualified under Section 6.3.1; and

6.1.7 Court reporters employed in connection with this action.

6.2 **"Confidential – Attorneys' Eyes Only" Information**. All provisions of this Order which apply to information designated as "Confidential" also apply to information

designated as "Confidential – Attorneys Eyes' Only"; however, information designated "Confidential – Attorneys Eyes' Only" may be disclosed **only** to persons as described in Sections 6.1.1, 6.1.2 and 6.1.4 through 6.1.7.

    6.3    **Limited Exceptions**:

    6.3.1    **Witnesses Previously Having Access to Confidential Information**. Notwithstanding any of the provisions of this Order, any witness testifying in this Action may be shown, and questioned, concerning any document for which the witness is an author or a recipient thereof or had access to the document. In addition, (a) a present employee or representative of a producing party may be examined and may testify concerning all materials designated as containing Confidential Information of that party; and (b) a former employee, associate, representative or consultant of a producing party may be examined and may testify concerning all materials designated as containing Confidential Information of that party to which said former employee, associate, representative or consultant had access during the relevant prior period or periods of employment or association with that party.

    6.3.2    **Certain Information Not Subject to Scope of Order**. The restrictions of this Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Order, or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party, or (c) the receiving party can establish by written documents was in its rightful and lawful possession at the time of disclosure or was developed independently by the receiving party without the use of Confidential Information.

6.3.3 **Exceptions by Court Order or by Agreement by Parties**. Nothing shall prevent disclosure beyond the terms of this Order if the party that designated the materials as containing confidential information consents in writing to such disclosure.

6.4 **Exclusion from Deposition**. Counsel for the producing party shall have the right to exclude from oral deposition any person, other than the deponent, deponent's counsel and the reporter, who is not authorized by this Order to receive materials or information designated as "Confidential – Attorneys Eyes' Only," but such right of exclusion shall be applicable only during periods of examination directed to or comprising such designated information. The failure of such other persons to comply with a request of exclusion shall constitute substantial justification for counsel to instruct the witness not to answer the question.

7. **Court Filings Involving Confidential Information**. Applications, motions, and other papers filed with the Court in which a party submits or refers to Confidential Information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title and file number of this action, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL" and a statement substantially in the following form:

> **This envelope is sealed pursuant to order of the Court, contains Confidential Information, and is not to be opened or the contents revealed except by authorized Court personnel.**

Any document or transcript designated as "Confidential" which is lodged or filed with the Court shall be maintained under seal by the Clerk and shall be made available only to the Court and to counsel for the parties, until further order of this Court. For applications, motions and other papers filed with the Court that refer to or include information designated "Confidential – Attorneys' Eyes Only," the words "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be

substituted for, or used in conjunction with, the words "CONFIDENTIAL INFORMATION" in the above legend and statement.

8. **Resolution of Disputes**. A party shall not be obligated to challenge the propriety of a designation under this Order at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event of disagreement over the propriety of a designation, the parties shall first attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the propriety of a designation made under this Order may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving same. Until the Court enters an Order changing the designation of the document or transcript which is to be the subject of the application, it shall be afforded the "Confidential" or "Confidential – Attorneys' Eyes Only" treatment described in Sections 1 and 5 herein.

9. **Special Provision for Briefs and Expert Reports**. Any party that files a brief or serves an expert report in this Action that contains that party's or a third party's "Confidential – Attorneys' Eyes Only" information will, upon request by the other party ("the receiving party") that specific persons associated with the receiving party be given access to the brief or report, either (a) consent to access thereto by such persons as requested or (b) serve within five (5) business days of the request a redacted copy of the brief or expert report that does not include such "Confidential – Attorneys' Eyes Only" information. Any such redacted briefs and expert reports may be provided to the employees of the receiving party identified in Section 6.1.3 above.

10. **Disposition of Confidential Information Following Conclusion of Action**. At the conclusion of this Action (*i.e.*, upon its final dismissal and the conclusion of any appeals

thereof), all documents or transcripts designated "Confidential" or "Confidential – Attorneys' Eyes Only," and any copies thereof, shall either be destroyed or returned to the party or person producing same. In addition, all summaries or other materials containing or disclosing information contained in "Confidential" or "Confidential – Attorneys' Eyes Only" documents or transcripts, and all copies thereof, shall be either destroyed or returned to the party furnishing the same. Notwithstanding any of the foregoing, a party may maintain a complete set of pleadings, deposition transcripts and exhibits, and trial transcripts and exhibits following conclusion of this Action.

11. **Continuing Obligation/Retention of Jurisdiction**. Insofar as the provisions of this Order restrict the communication and use of the information produced thereunder, this Order shall continue to be binding after the conclusion of this Action except (a) that there shall be no restriction on documents that have been used as exhibits in open Court (unless an appropriate order is entered to maintain the confidentiality of said exhibits) and (b) that a party may seek the written permission of the party or further order of this Court, with respect to dissolution or modification of this Order.

SO ORDERED:

Dated: 8 August, 2007

_Dennis L. Howell_
United States Magistrate Judge